ROSS LIBENSON (SBN 181912)
**LAW OFFICES OF ROSS L. LIBENSON**
180 Grand Avenue, Suite 1550
Oakland, CA 94612
Telephone: (510) 763-5700
Facsimile: (510) 831-1311
E-Mail: Ross@LibensonLaw.com

Attorneys for Plaintiff
Zorro Productions, Inc.

ORIGINAL FILED
MAR 22 2010
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZORRO PRODUCTIONS, INC., a California corporation<br><br>Plaintiff,<br><br>v.<br><br>MARS, INC., a Delaware corporation, BBDO WORLDWIDE, INC., a New York corporation.<br><br>Defendants. | Case No. C10-01179 SC ADR<br><br>COMPLAINT and DEMAND FOR JURY TRIAL |

Plaintiff ZORRO PRODUCTIONS, INC., ("ZPI" or "Plaintiff,") for its complaint against Defendants, alleges as follows:

**JURISDICTION**

1. This Court has jurisdiction pursuant to 28 U.S.C., §§ 1331, 1338(a) and (b) and 15 U.S.C., §1121. This Court has jurisdiction pursuant to 28 U.S.C., § 1367 of the claims asserted by Plaintiff under the laws of the State of California.

1

## INTRADISTRICT ASSIGNMENT

2. Pursuant to Civil L.R. 3-2(c), this matter is an Intellectual Property Action and is subject to district wide assignment, notwithstanding a substantial part of the events giving rise to the cause of the action occurred in Alameda County and a substantial part of the property that is the subject of the action is situated in Alameda County, which makes Oakland and/or San Francisco the proper assignment pursuant to Civil L.R. 3-2(d).

## VENUE

3. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) because Defendants transact business and purposefully avail themselves of the benefits of being in this judicial district, a substantial part of the events giving rise to the claim occurred in this judicial district and a substantial part of the property that is the subject of the action is situated in this district.

## PARTIES

4. Plaintiff ZPI, is a California corporation with its principal place of business in the State of California, County of Alameda.

5. Defendant MARS, INC. is a Delaware corporation, and ZPI alleges, upon information and belief, that its principal place of business is in the State of Virginia.

6. Defendant BBDO WORLDWIDE, INC., is a New York corporation, and ZPI alleges, upon information and belief, that its principal place of business is in the State of New York.

7. Plaintiff is unaware of the true names and capacities whether individual, corporate, associate or otherwise of Defendants' other agents, employees, joint-venturers, vendors, employers and partners, including but not limited to production companies, and therefore, Plaintiff will seek leave of the Court to amend this Complaint to allege those Defendants when the same have been ascertained.

8. Plaintiff is informed and believes, and based thereon alleges, that in performing the acts that give rise to this Complaint each of the Defendants named herein was the agent, employee, joint-venturer, employer, partner, manager or controlling entity of the other Defendant, and in doing the things hereinafter alleged, was acting within the course and scope of such relationship. Plaintiff further alleges that each of the Defendants named herein authorized, consented to and ratified all of the alleged conduct, acts and omissions by the remaining Defendant with both actual and constructive knowledge of said conduct.

///

///

///

## FIRST CAUSE OF ACTION
### Violation of Lanham Act § 43(a)
### (By ZPI Against All Defendants)

9. Plaintiff incorporates by reference Paragraphs 1 through 8 of the Complaint as if set forth in full herein.

10. ZPI is the owner of all rights, including without limitation, trademarks and trade dress, both registered and unregistered, associated with "Zorro," the well-known fictitious character who has been widely popularized by ZPI and its licensees through depictions in, among other media, feature films, television programs, novels and comic books. ZPI and its licensees have extensively marketed, publicized and promoted "Zorro" through the use of distinctive depictions featuring "Zorro" as a masked fighter for justice, dressed in black, wearing a flat Cordoba hat and a cape, and brandishing a sword by which he generates the distinctive and separately trademarked "Z" and/or "Zorro."

11. ZPI and its licensees have expended considerable effort and sums of money developing, advertising and marketing their distinctive character of "Zorro." As a result of ZPI's and its licensees' activities, the trade and public at large have come to identify the "Zorro" character, trademarks and trade dress with ZPI's and its licensees' businesses. The "Zorro" character, trademarks and trade dress have

1 acquired secondary meaning by which "Zorro" is associated with Plaintiff and its
2 licensees and their goods and services.
3
4   12. Defendants have developed, produced, adapted, distributed and exhibited
5 to the public in this district and in other locations in the United States television
6
7 commercials for the "M&M" candies which incorporate the "Zorro" character, by
8 using an actor wearing a trademarked "Zorro" Halloween costume in the
9
10 commercial. Defendants have also falsely and without authorization placed on the
11 unauthorized "Zorro" character in the television commercial Defendant Mars, Inc.'s
12
13 claim of ownership by placing its own trademark or other symbol of registration over
14 the actor wearing the trademarked "Zorro" Halloween costume. Defendants'
15
16 conduct of using the Zorro Halloween costume and placing its own registration mark
17 over it in the television commercial is confusingly similar to ZPI's protected "Zorro"
18
19 character, trademark and trade dress. Defendants' conduct has affected and will
20 affect interstate commerce.
21
22   13. Defendants' conduct has confused and is likely to confuse the public and
23 constitutes false designation of origin and false representation and description in
24 violation of Lanham Act § 43(a), 15 U.S.C. § 1125(a). Irreparable harm to ZPI is
25
26 imminent as a result of defendants' conduct, and ZPI is without an adequate remedy
27 at law. ZPI is entitled to an injunction restraining defendants, their officers,
28

directors, agents, employees, representatives, partners and all other persons acting in concert with them, from engaging in further such acts.

14. ZPI is further entitled to recover from defendants the damages sustained by ZPI as a result of defendants' acts. ZPI is presently unable to ascertain the full extent of the monetary damages it has suffered by reason of defendants' acts, but ZPI is informed and believes, and based thereon alleges, that ZPI has sustained damages in an amount exceeding $500,000.

15. ZPI is further entitled to recover from defendants the gains, profits and advantages they have obtained as a result of their said acts. ZPI is presently unable to ascertain the full extent of the gains, profits and advantages defendants have obtained by reason of their said acts, but ZPI is informed and believes, and based thereon alleges, that defendants have obtained such gains, profits and advantages in an amount exceeding $500,000.

16. ZPI is informed and believes and thereon alleges that defendants' acts are intentional and were committed by defendants with the deliberate intent to trade on ZPI's and it licensees' marks, trade dress and goodwill.

WHEREFORE, Plaintiff prays for judgment against Defendants as set forth more fully below.

///

## SECOND CAUSE OF ACTION
## Violation of Lanham Act § 32
## (Against All Defendants)

17. Plaintiff incorporates by reference Paragraphs 1 through 16 of the Complaint as if set forth in full herein.

18. ZPI is the owner of various trademarks registered with the United States Patent and Trademark Office pertaining to "Zorro," including, without limitation, Registration No. 2,401,205, issued to ZPI on November 7, 2000, for the word "Zorro" found on its and its licensees' Halloween costumes. ZPI is informed and believes and thereon alleges, that this includes the hang tag on the "Zorro" Halloween costume used without authorization by defendants in their television commercial.

19. Said registration is incontestible, is on the principal register, is in full force and effect and is owned by ZPI.

20. ZPI is the owner of other trademarks registered with the United States Patent and Trademark Office pertaining to "Zorro," including pictorial depictions of "Zorro," dressed in black, wearing a flat Cordoba hat, a mask and a cape such as that used by the defendants in their television commercial.

21. Defendants have developed, produced, adapted, distributed and exhibited to the public in this district and in other locations in the United States television

commercials for the "M&M" candies which incorporate the "Zorro" character, by using an actor wearing a trademarked "Zorro" Halloween costume in the commercial. Defendants have also falsely and without authorization placed on the unauthorized "Zorro" character in the television commercial Defendant Mars, Inc.'s claim of ownership by placing its own trademark or other symbol of registration over the actor wearing the trademarked "Zorro" Halloween costume. Defendants' conduct of using the Zorro Halloween costume and placing its own registration mark over it in the television commercial is confusingly similar to ZPI's protected "Zorro" character, trademark and trade dress. Defendants' conduct has affected and will affect interstate commerce.

22. Defendants' conduct has confused and is likely to confuse the public and constitutes false designation of origin and false representation and description in violation of Lanham Act § 32, 15 U.S.C. § 1114(1). Irreparable harm to ZPI is imminent as a result of defendants' conduct, and ZPI is without an adequate remedy at law. ZPI is entitled to an injunction restraining defendants, their officers, directors, agents, employees, representatives and all other persons acting in concert with them, from engaging in further such acts.

23. ZPI is further entitled to recover from defendants the damages sustained by ZPI as a result of defendants' acts. ZPI is presently unable to ascertain the full

extent of the monetary damages it has suffered by reason of defendants' acts, but ZPI is informed and believes, and based thereon alleges, that ZPI has sustained damages in an amount exceeding $500,000.

24. ZPI is further entitled to recover from defendants the gains, profits and advantages they have obtained as a result of their said acts. ZPI is presently unable to ascertain the full extent of the gains, profits and advantages defendants have obtained by reason of their said acts, but ZPI is informed and believes, and based thereon alleges, that defendants have obtained such gains, profits and advantages in an amount exceeding $500,000.

25. ZPI is informed and believes and thereon alleges that defendants' acts are intentional and were committed by defendants with the deliberate intent to trade on ZPI's and it licensees' marks, trade dress and goodwill.

WHEREFORE, Plaintiff prays for judgment against Defendants as set forth more fully below.

### THIRD CAUSE OF ACTION
### Dilution Under Lanham Act §43(c)
### (Against All Defendants)

26. Plaintiff incorporates by reference Paragraphs 1 through 25 of the Complaint as if set forth in full herein.

27. ZPI and its licensees have expended considerable effort and sums of money developing, advertising and marketing their distinctive character of "Zorro." As a result of ZPI's and its licensees' activities, the "Zorro" character, trademarks and trade dress have become so widely recognized and readily associated with ZPI's and their licensees' businesses that the "Zorro" character, and the trademarks and trade dress associated with "Zorro," are entitled to be recognized as famous marks under the Federal Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c).

28. Defendants have developed, produced, adapted, distributed and exhibited to the public in this district and in other locations in the United States television commercials for the "M&M" candies which incorporate the "Zorro" character, by using an actor wearing a trademarked "Zorro" Halloween costume in the commercial. Defendants have also falsely and without authorization placed on the unauthorized "Zorro" character in the television commercial Defendant Mars, Inc.'s claim of ownership by placing its own trademark or other symbol of registration over the actor wearing the trademarked "Zorro" Halloween costume. Defendants' conduct of using the Zorro Halloween costume and placing its own registration mark over it in the television commercial dilutes the distinctive quality of the "Zorro" character, trademark and trade dress, and goodwill associated with them in violation of 15 U.S.C. § 1125 (c).

29. Irreparable harm to ZPI is imminent as a result of defendants' conduct and ZPI is without an adequate remedy at law. ZPI is entitled to an injunction restraining defendants, their officers, directors, agents, employees, representatives and all other persons acting in concert with them, from engaging in further such acts.

30. ZPI is further entitled to recover from defendants the damages sustained by ZPI as a result of defendants' acts. ZPI is presently unable to ascertain the full extent of the monetary damages it has suffered by reason of defendants' acts, but ZPI is informed and believes, and based thereon alleges, that ZPI has sustained damages in an amount exceeding $500,000.

31. ZPI is further entitled to recover from defendants the gains, profits and advantages they have obtained as a result of their said acts. ZPI is presently unable to ascertain the full extent of the gains, profits and advantages defendants have obtained by reason of their said acts, but ZPI is informed and believes, and based thereon alleges, that defendants have obtained such gains, profits and advantages in an amount exceeding $500,000.

32. ZPI is informed and believes and thereon alleges that defendants' acts are intentional and were committed by defendants with the deliberate intent to trade on ZPI's and it licensees' marks, trade dress and goodwill.

WHEREFORE, Plaintiff prays for judgment against Defendants as set forth more fully below.

## FOURTH CAUSE OF ACTION
**Common Law Unfair Competition Under California Law**
**(Against All Defendants)**

33. Plaintiff incorporates by reference Paragraphs 1 through 32 of the Complaint as if set forth in full herein.

34. This claim arises under the unfair competition laws of the State of California. Jurisdiction is conferred upon the Court pursuant to 28 U.S.C. §§ 1338(b) and 1367.

35. ZPI and its licensees have expended considerable effort and sums of money developing, advertising and marketing their distinctive character of "Zorro." As a result of ZPI's and its licensees' activities, the trade and public at large have come to identify the "Zorro" character, trademarks and trade dress with ZPI's and its licensees' businesses. The "Zorro" character, trademarks and trade dress have acquired secondary meaning by which "Zorro" is associated with Plaintiff and its licensees and their goods and services.

36. Defendants have developed, produced, adapted, distributed and exhibited to the public in this district and in other locations in the United States television commercials for the "M&M" candies which incorporate the "Zorro" character, by

12

using an actor wearing a trademarked "Zorro" Halloween costume in the commercial. Defendants have also falsely and without authorization placed on the unauthorized "Zorro" character in the television commercial Defendant Mars, Inc.'s claim of ownership by placing its own trademark or other symbol of registration over the actor wearing the trademarked "Zorro" Halloween costume. Defendants' conduct of using the Zorro Halloween costume and placing its own registration mark over it in the television commercial is confusingly similar to ZPI's protected "Zorro" character, trademark and trade dress.

37. Defendants' conduct has caused, and is likely to cause, public confusion, deception and mistake, and infringes ZPI's rights, including its marks and trade dress, in the "Zorro" character. Irreparable harm to ZPI is imminent as a result of defendants' conduct, and ZPI is without an adequate remedy at law. ZPI is entitled to an injunction restraining defendants, their officers, directors, agents, employees, representatives and all other persons acting in concert with them, from engaging in further such acts.

38. ZPI is further entitled to recover from defendants the damages sustained by ZPI as a result of defendants' acts. ZPI is presently unable to ascertain the full extent of the monetary damages it has suffered by reason of defendants' acts, but ZPI

is informed and believes, and based thereon alleges, that ZPI has sustained damages in an amount exceeding $500,000.

39. ZPI is further entitled to recover from defendants the gains, profits and advantages they have obtained as a result of their said acts. ZPI is presently unable to ascertain the full extent of the gains, profits and advantages defendants have obtained by reason of their said acts, but ZPI is informed and believes, and based thereon alleges, that defendants have obtained such gains, profits and advantages in an amount exceeding $500,000.

40. ZPI is informed and believes and thereon alleges that defendants' acts are intentional and were committed by defendants with the deliberate intent to trade on ZPI's and it licensees' marks, trade dress and goodwill.

WHEREFORE, Plaintiff prays for judgment against Defendants as set forth more fully below.

## FIFTH CAUSE OF ACTION
**Violation of California Business and Professions Code §§ 14245, 14247 and 17200, *et. seq.***
**(Against All Defendants)**

41. Plaintiff incorporates by reference Paragraphs 1 through 40 of the Complaint as if set forth in full herein.

14

42. This claim arises under the unfair competition laws of the State of California. Jurisdiction is conferred upon the Court pursuant to 28 U.S.C. §§ 1338(b) and 1367.

43. ZPI and its licensees have expended considerable effort and sums of money developing, advertising and marketing their distinctive character of "Zorro." As a result of ZPI's and its licensees' activities, the trade and public at large have come to identify the "Zorro" character, trademarks and trade dress with ZPI's and its licensees' businesses. The "Zorro" character, trademarks and trade dress have acquired secondary meaning by which "Zorro" is associated with Plaintiff and its licensees and their goods and services.

44. As a result of ZPI's and its licensees' activities, the "Zorro" character, trademarks and trade dress have become so widely recognized and readily associated with ZPI's and their licensees' businesses that the "Zorro" character, and the trademarks and trade dress associated with "Zorro," are entitled to be recognized as famous marks under California Business and Professions Code § 14247.

45. Defendants have developed, produced, adapted, distributed and exhibited to the public in this district and in other locations in the United States television commercials for the "M&M" candies which incorporate the "Zorro" character, by using an actor wearing a trademarked "Zorro" Halloween costume in the

commercial. Defendants have also falsely and without authorization placed on the unauthorized "Zorro" character in the television commercial Defendant Mars, Inc.'s claim of ownership by placing its own trademark or other symbol of registration over the actor wearing the trademarked "Zorro" Halloween costume. Defendants' conduct of using the Zorro Halloween costume and placing its own registration mark over it in the television commercial is confusingly similar to ZPI's protected "Zorro" character, trademark and trade dress.

46. Such acts of Defendants as described above constitute unfair, unlawful and fraudulent business practices and constitute violations of California Business and Professions Code §17200.

47. Defendants' conduct, in violation of California Business and Professions Code §§14245, 14247 and 17200, *et. seq.*, has caused, and is likely to cause, public confusion, deception, mistake and infringes ZPI's rights and dilutes the distinctive quality of the "Zorro" character, including its trademarks and trade dress, and good will associated with them.

48. Irreparable harm to ZPI is imminent as a result of defendants' conduct, and ZPI is without an adequate remedy at law. ZPI is entitled to an injunction restraining defendants, their officers, directors, agents, employees, representatives and all other persons acting in concert with them, from engaging in further such acts.

49. ZPI is further entitled to recover from defendants the damages sustained by ZPI as a result of defendants' acts. ZPI is presently unable to ascertain the full extent of the monetary damages it has suffered by reason of defendants' acts, but ZPI is informed and believes, and based thereon alleges, that ZPI has sustained damages in an amount exceeding $500,000.

50. ZPI is further entitled to recover from defendants the gains, profits and advantages they have obtained as a result of their said acts. ZPI is presently unable to ascertain the full extent of the gains, profits and advantages defendants have obtained by reason of their said acts, but ZPI is informed and believes, and based thereon alleges, that defendants have obtained such gains, profits and advantages in an amount exceeding $500,000.

51. ZPI is informed and believes and thereon alleges that defendants' acts are intentional and were committed by defendants with the deliberate intent to trade on ZPI's and it licensees' marks, trade dress and goodwill.

WHEREFORE, Plaintiff prays for judgment against Defendants as set forth more fully below.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. That Defendants, their officers, agents, employees, representatives, servants, successors, assigns and all persons, firms, corporations or entities either acting directly or indirectly in concert with them or under their direction, control or authority be permanently enjoined from infringing in any manner Plaintiff's protected rights and property;

2. That Defendants be required to deliver to the Court for impoundment and destruction all materials that infringe Plaintiff's rights;

3. That Defendants be required to pay to Plaintiff the damages sustained in consequence of Defendants' conduct in an amount according to proof, of at least $500,000;

4. That Defendants be required to account for all gains, profits and advantages derived by Defendants as a result of their infringement of Plaintiff's rights and/or Defendants' unlawful trade practices and/or unfair competition and to pay all profits obtained by Defendants as a consequence of their conduct in an amount, according to proof, of at least $500,000;

5. That Defendants pay to Plaintiff treble and/or punitive damages for their intentional and willful infringements and violations of law;

6. That Plaintiff recover its costs and reasonable attorneys' fees;

7. For pre-judgment and post-judgment interest;

18

8. Any penalties provided for by statute not expressly enumerated above; and

9. That Plaintiff be granted such other and further relief as the Court deems just and proper.

DATED: March 22, 2010     LAW OFFICES OF ROSS L. LIBENSON

By: _____
ROSS L. LIBENSON

Attorneys for Plaintiff ZORRO PRODUCTIONS, INC.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b) and Local Rule 3-6(a), Plaintiff ZPI hereby demands a trial by jury.

DATED: March 22, 2010     LAW OFFICES OF ROSS L. LIBENSON

By: _____
ROSS L. LIBENSON

Attorneys for Plaintiff ZORRO PRODUCTIONS, INC.